IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-06-WKW |
| | ) | (WO) |
| JENIFER FEAGER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff, proceeding *pro se*, brings this action against defendant Jenifer Feager, a security guard employed by "DSI" and assigned to work at Plaintiff's apartment complex. Plaintiff brings a negligence claim against Feager, alleging that: (1) Feager watched and refused to call the police while somebody assaulted Plaintiff, then lied to the police about the attack; (2) Feager reminded Plaintiff "loudly and nasty to lock the door behind the plaintiff" when the plaintiff knows to lock the door; and (3) Feager came into the laundry room on Plaintiff's floor, told Plaintiff that it was 8:55 p.m. and asked Plaintiff when her clothes would be finished.

Plaintiff is required to allege "a short and plain statement of the grounds upon which the

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

court's jurisdiction depends[.]" Fed. R. Civ. P. 8(a)(1). She must both state the basis of the court's jurisdiction and plead facts that demonstrate the existence of jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Although Plaintiff begins her complaint with the allegation that "[t]he case follows under the jurisdiction Article III Section 2a Constitutional law," the complaint includes no facts supporting a federal claim. Plaintiff's cause of action against Feager, if any, arises solely under state law. Plaintiff cites 28 U.S.C. § 1391(a), the venue provision that pertains to actions founded only on diversity of citizenship. Although the amount in controversy is sufficient to sustain diversity jurisdiction under 28 U.S.C. § 1332 – Plaintiff seeks an award of one billion dollars – the complaint does not establish complete diversity of citizenship between Plaintiff and the defendant. Plaintiff alleges that she and the defendant "both live in the same state." (Doc. # 1, Compl,, 1.)

While the court must construe Plaintiff's *pro se* complaint liberally, no construction of the facts she has alleged gives rise to federal jurisdiction. Accordingly, this court lacks subject matter jurisdiction over this matter. "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). A separate judgment will be entered dismissing this action.

Done this 8th day of January, 2007.

       /s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE